**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


ALBERT L. LOPEZ,

       Plaintiff,

vs.                                                                    CIV No. 14-50 CG

CAROLYN W. COLVIN,
Acting Commissioner
Social Security Administration,

       Defendant.


<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on Plaintiff Albert Lopez's *Motion for Attorney Fees and Costs Under Equal Access to Justice Act (EAJA), With Supporting Memorandum*, ("Motion"), (Doc. 25), filed February 3, 2015; *Defendant's Response to Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act*, ("Response"), (Doc. 26), filed February 19, 2015; and *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Attorney Fees and Costs under EAJA*, ("Reply"), (Doc. 27), filed March 2, 2015. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

    **I.**    **Background**

On December 8, 2008, Mr. Lopez filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, alleging disability commencing December 1, 2003. His claim for benefits was initially denied, and again upon reconsideration. His claim was then denied after a hearing before an

Administrative Law Judge ("ALJ"). Following the decision, Mr. Lopez appealed to the United States District Court, and his case was remanded to the Commissioner of the Social Security Administration (the "Commissioner") based on several legal errors. A second hearing was held before another ALJ, who also issued an unfavorable decision.

Thereafter, Mr. Lopez appealed to this Court, arguing that the ALJ committed reversible, legal error by failing to: (1) find Mr. Lopez's post-traumatic stress disorder ("PTSD") severe at step two, and failing to consider its effect on his residual functional capacity ("RFC"); (2) consider the finding of disability by the Veterans' Administration ("VA"); and (3) make findings regarding the physical and mental demands of Mr. Lopez's past relevant work. (Doc. 17 at 14).   Because the ALJ failed to consider the disability finding by the VA and make findings as to the mental demands of Mr. Lopez's past relevant work, this Court remanded the case to the Commissioner for further proceedings. (Doc. 23).

Mr. Lopez now moves this Court for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). He argues that an award of fees and costs is appropriate because he is the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 25 at 1).

The Commissioner responds that Mr. Lopez's request for fees and costs under EAJA should be denied, because the Commissioner's position in this case was substantially justified. (Doc. 26 at 1). The Commissioner contends that given the facts of the case, it was reasonable for the Commissioner to defend the ALJ's decision. (Doc. 26 at 1-2). In Mr. Lopez's Reply, he asserts that this Court found that the ALJ committed

reversible error based on established Tenth Circuit case law and that, as a result, the Commissioner's position was not substantially justified. (Doc. 27 at 1-2).

## II.    Analysis

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

In this case, the Court remanded the ALJ's decision for two reasons, first because the ALJ failed to consider the VA's disability and unemployability findings as to Mr. Lopez. (Doc. 23 at 11-12). Second, the Court remanded the ALJ's decision to the Commissioner on the ground that the ALJ failed to make findings as to the mental demands of Mr. Lopez's past relevant work. (Doc. 23 at 17).

With regard to the VA disability finding, the Commissioner argues, as she did in the underlying action, that the VA disability finding was not binding on the ALJ, and that the ALJ was clearly aware of the finding, but did not find it persuasive in determining Mr. Lopez's RFC. (Doc. 26 at 2-3). Therefore, the Commissioner contends, it was reasonable to defend the ALJ's decision. However, as the Court stated in its Memorandum Opinion and Order, (Doc. 23), the Tenth Circuit has made clear that while another agency's disability findings are not binding on the Commissioner, those findings are entitled to weight and must be considered, even if the ALJ does not find them persuasive. *See Baca v. Dep't of Health and Hum. Servs.*, 5 F.3d 476, 480 (10th Cir. 1993); *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) (holding that an ALJ must consider a VA disability rating and explain why he does not find it persuasive). Given this precedent, the Commissioner was not substantially justified in its position that the ALJ need not discuss the VA findings.

The Commissioner also took the position that any error with regard to the consideration of the VA findings was harmless, since there was sufficient evidence in the record to indicate the ALJ would not have found it persuasive, and that no reasonable factfinder could have resolved the matter in any other way. (Doc. 23 at 12-13). This argument also fails. Under Tenth Circuit jurisprudence, such an error is

harmless only in the exceptional circumstances where the court can confidently say that no reasonable administrative factfinder could have resolved the matter in any other way. *Allen v. Barnhart*, 375 F.3d 1140, 1145 (10th Cir. 2004). In the context of analyzing objective evidence, there is a greater need for extensive analysis where the evidence conflicts with the ultimate functional capacity finding. *Wall v. Astrue*, 561 F.3d 1048, 1068-69 (10th Cir. 2009). Here, the VA findings rated Mr. Lopez as 60% disabled and 100% unemployable for chronic pain, and the ALJ ultimately found that Mr. Lopez could sit, stand, and walk for up to six hours in an eight hour work day. (Doc. 23 at 14). Based on established caselaw and the facts presented, the Court cannot say that the Commissioner's position that any error was harmless was substantially justified.

The Commissioner further contends that given Mr. Lopez's medical record as a whole, a reasonable person could have agreed with the assessment of Mr. Lopez's functional abilities and the disability finding. (Doc. 26 at 3). However, "the issue [is] not whether a reasonable person could have determined [Mr. Lopez] was not disabled" based on the medical record. *Ott v. Charter*, No. 96-3163, 106 F.3d 414, *2 (10th Cir. Jan. 24, 1997) (unpublished). Rather, the issue is whether the Commissioner met its burden to show that it was substantially justified in failing to address the VA findings in the administrative decision, and justifying that error in the subsequent litigation. *Id.* This Court finds that the Commissioner has not.

Moreover, the Court remanded the case on the additional ground that the ALJ failed to make findings as to the mental demands of Mr. Lopez's past relevant work. (Doc. 23 at 17). The Commissioner argues that the ALJ reasonably determined that the requirements of Mr. Lopez's past work did not exceed his residual functional capacity.

(Doc. 26 at 3-4). However, the law is clear that when a claimant suffers from medically-determinable mental impairments, the ALJ has the duty to establish the mental demands of a claimant's past work. *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996). The ALJ's failure to do so constituted legal error, and therefore was without a reasonable basis in fact or law. Thus, the Commissioner's position was not substantially justified. *Dorman v. Astrue*, No. 10-5166, 435 Fed. Appx. 792, 796 (10th Cir. Aug. 16, 2011) (unpublished) (holding that the ALJ's failure to determine the mental demands of a claimant's past work was legal error that justified an award of EAJA fees); *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 794-95 (10th Cir. Jan. 4, 2001) (unpublished) (finding that the Commissioner's defense of the ALJ's failure to establish the mental demands of the claimant's past work was not substantially justified).

### III.    Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in its position in the underlying agency action and the subsequent litigation. Accordingly, Mr. Lopez is entitled to award of attorney's fees and costs under EAJA.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees and Costs Under Equal Access to Justice Act (EAJA), With Supporting Memorandum*, (Doc. 25), be **GRANTED** and that attorney fees and costs be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), payable to Plaintiff in the amount of $5,000.80 in fees and $419.59 in costs, for a total of $5,420.39. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).


_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE